UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GREGORY JOSEPH NELSON,<br><br>    Plaintiff,<br><br>v.<br><br>JOSH TEWALT; CHAD PAGE; AMANDA GENTRY; and ALBERTO RAMIREZ,<br><br>    Defendants. | Case No. 1:19-cv-00250-DCN<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Gregory Joseph Nelson is a prisoner proceeding pro se in this civil rights action. The Court previously reviewed Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an additional opportunity to amend. *See* Initial Review Order, Dkt. 4.

Plaintiff has now filed a Second Amended Complaint ("SAC"). *See* Dkt. 6. The SAC alleges that Defendants have violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to protect him from attack by other inmates. *Id*. at 9–10.

The Court retains its screening authority pursuant to 28 U.S.C. § 1915A(b). Having screened the SAC, the Court enters the following Order requiring Plaintiff to file a supplement showing why the SAC should not be dismissed as untimely.

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 1

1.   **Screening Requirement**

As the Court explained in its Initial Review Order, the Court must dismiss a prisoner complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

2.   **Standards of Law**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence

is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

The Eighth Amendment to the United States Constitution protects prisoners against cruel and unusual punishment. To state a claim under the Eighth Amendment, a plaintiff must show that he is (or was) "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of Defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). An Eighth Amendment claim requires a plaintiff to satisfy "both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

To rise to the level of an Eighth Amendment violation, the deprivation alleged must be objectively sufficiently harmful, *Farmer*, 511 U.S. at 834, or, in other words, sufficiently "grave" or "serious," *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). As the United States Supreme Court has explained:

> Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny, however. After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety.

*Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks, citation, and alteration omitted).

With respect to the subjective prong of an Eighth Amendment analysis, a defendant acts with deliberate indifference only if the defendant (1) was aware of the risk to the prisoner's health or safety, and (2) deliberately disregarded that risk. *Farmer*, 511 U.S. at 837. Prison officials who actually knew of a substantial risk will not be liable under § 1983 "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844. Mere negligence is not sufficient to establish deliberate indifference; rather, the official's conduct must have been wanton. *Id.* at 835.

Prison officials who act with deliberate indifference "to the threat of serious harm or injury" by one prisoner against another are subject to liability under § 1983. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). "Having incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer*, 511 U.S. at 833 (internal quotation marks, citation, and alterations omitted). Although even an obvious danger does not result in liability if the official is not subjectively aware of it, a prison official cannot "escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Id.* at 843.

3. **Discussion**

    A.   *Plaintiff's Claims Are Likely Untimely*

    It appears that Plaintiff's claims—all of which are asserted under the Eighth Amendment—are barred by the statute of limitations.

    Federal civil rights actions arising in Idaho are governed by a two-year statute of limitations. Idaho Code § 5-219; *see also Wilson v. Garcia*, 471 U.S. 261, 280 (1985) (holding that state statute of limitation for personal injury actions governs § 1983 actions), *abrogated on other grounds by Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004). Although the state statute of limitations governs the time period for filing a § 1983 claim, federal law governs when that claim accrues, or arises. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). Under the "discovery rule," a claim accrues "when the plaintiff knows or has reason to know of the injury" that is the basis of the claim. *Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (internal quotation marks omitted). That is, the statute of limitations begins to run when the plaintiff becomes aware of the actual injury—not "when the plaintiff suspects a legal wrong." *Id*.

    If a plaintiff cannot show that his claim accrued during the statute of limitations period, he still may file a lawsuit beyond the limitations deadline if he can show that the statute should have been tolled (or stopped) for a certain period of time during the deadline period within which he should have filed the lawsuit. Pursuant to the Prison Litigation Reform Act ("PLRA"), the "statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." *Brown v. Valoff,* 422 F.3d 926, 943 (9th Cir. 2005).

In addition to tolling under the PLRA, state tolling law applies to § 1983 actions unless important federal policy will be undermined. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 464-65 (1975); *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008). Idaho law allows for statutory tolling of the statute of limitations for a person's juvenile status or insanity. Idaho Code § 5-230. However, because the Idaho Supreme Court has determined that "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute," equitable tolling is not available in Idaho. *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007).

The doctrine of equitable *estoppel*, however, is available in Idaho. While it "does not 'extend' a statute of limitation," equitable estoppel works in a similar manner to prevent a party who has falsely represented or concealed a material fact with actual or constructive knowledge of the truth "from pleading and utilizing the statute of limitations as a bar, although the time limit of the statute may have already run." *J.R. Simplot Co., v. Chemetics International, Inc.*, 887 P.2d 1039, 1041 (Idaho 1994). Equitable estoppel requires a showing of four elements: "(1) a false representation or concealment of a material fact with actual or constructive knowledge of the truth; (2) that the party asserting estoppel did not know or could not discover the truth; (3) that the false representation or concealment was made with the intent that it be relied upon; and (4) that the person to whom the representation was made, or from whom the facts were concealed, relied and acted upon the representation or concealment to his prejudice." *Id.*

Plaintiff filed the initial complaint in this case, at the earliest, on March 25, 2019.[1] *See Ayala v. Tewalt*, Case No. 1:19-cv-00107-DCN; *see also* Order of Severance, Dkt 2. Thus, allowing for a maximum of thirty days to exhaust the prison administrative process, any claims that arose before February 23, 2017—two years and thirty days before March 25, 2019—appear to be time-barred.

The last inmate attack Plaintiff alleges to have suffered as a result of Defendants' action or inaction occurred in June 2009, nearly ten years before the filing of the initial complaint. Dkt. 6 at 3–4. Thus, the claims Plaintiff asserts in this action appear to be untimely.

### B. *Plaintiff's Reliance on Other Inmates' Injuries and on Hypothetical Future Events Do Not Allege a Plausible Eighth Amendment Claim*

The SAC asserts that other inmates have also suffered attacks by other inmates—attacks that allegedly occurred within the limitations period. However, Plaintiff cannot rely on the injuries of other inmates, but must establish that Defendants' alleged conduct violated his own constitutional rights. Thus, although Plaintiff claims that the same alleged policies led to his earlier attacks and the later attacks on other inmates, the injuries suffered by other inmates cannot serve to render Plaintiff's claims timely.

Plaintiff, who is now housed in protective custody, also appears to assert that he will be in danger of attack if, in the future, he is transferred from protective custody to general

---

[1] **Error! Main Document Only.**Prisoners are usually entitled to the benefit of the "mailbox rule," which provides that a legal document is deemed filed on the date the prisoner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying the mailbox rule to civil rights actions).

population. To the extent that any such claims are timely, the SAC fails to state a plausible claim based on potential future events.

Although an inmate need not wait until he is actually injured to assert a deliberate indifference claim, *Helling v. McKinney*, 509 U.S. 25, 33 (1993), he still must have standing to assert that claim, meaning that the risk of injury is "'distinct and palpable' rather than abstract, conjectural, or hypothetical," *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). For example, "a healthy inmate who ha[s] suffered no deprivation of needed medical treatment" lacks standing "to claim violation of his constitutional right to medical care … simply on the ground that the prison medical facilities [a]re inadequate." *Lewis v. Casey*, 518 U.S. 343, 350 (1996). Similarly, an inmate like Plaintiff, who, theoretically, might someday be transferred out of protective custody lacks standing to claim that he is currently incarcerated under conditions posing a substantial risk of serious harm. Finally, even if Plaintiff had standing, the SAC does not establish that the risk of such a transfer is "substantial." *See Farmer*, 511 U.S. at 834.

If Plaintiff intends to proceed with this action, he may file a supplement within 28 days after entry of this Order. The supplement should include any and all factual allegations establishing that Plaintiff's claims are not time-barred.

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion for Enlargement of Time (Dkt. 5) is GRANTED.
2. Plaintiff's Motion to Review the Amended Complaint (Dkt. 7) is GRANTED.

3. Plaintiff may file a supplement within 28 days after entry of this Order, setting forth any reason why he believes his claims are not barred by the statute of limitations.

4. If Plaintiff does not file a supplement, or if the supplement fails to establish that Plaintiff's claims are timely, this case may be dismissed with prejudice for failure to state a claim upon which relief may be granted. Such a dismissal would constitute a "strike" under 28 U.S.C. § 1915(g), which generally prohibits a prisoner from filing a civil action or appeal in forma pauperis if he previously has filed three others that were dismissed as frivolous, as malicious, or for failure to state a claim upon which relief can be granted. *See Litmon v. Mayberg*, 145 F. App'x 213, 214 (9th Cir. Aug. 15, 2005) (unpublished) (upholding dismissal of time-barred claims as frivolous) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), for the proposition that a complaint "is frivolous where it lacks an arguable basis either in law or in fact"). Therefore, Plaintiff may wish to consider filing a Notice of Voluntary Dismissal, which would not operate as a strike under § 1915(g).

DATED: December 9, 2019

David C. Nye
Chief U.S. District Court Judge